Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone:  (619) 886-7224
Facsimile:  (619) 259-5455

Attorneys for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 25 2018

BY _____
JESSICA MORALES, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

SALVADO VELEZ individually, and on behalf of himself and others similarly situated

Plaintiffs,

vs.

COWORX STAFFING SERVICES LLC, a Delaware limited liability company; and DOES 1-50 inclusive

Defendants

Case Number: CIVDS1803229

**CLASS ACTION COMPLAINT FOR:**

1. **Failure to Make Payments Within the Required Time;**
2. **Violations of Labor Code § 201.3; and**
3. **Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.)**

VIA FAX

Plaintiff SALVADO VELEZ, on behalf of himself and acting for the interests of other current and former employees ("Represented Employees"), and all other similarly situated individuals (cumulatively "Plaintiffs"), alleges the following:

## NATURE OF THE ACTION

1.    This is a Class action brought pursuant to California Code of Civil Procedure § 382 regarding violations of the Labor Code.

2.  Plaintiff, on behalf of himself and all putative Class Members, brings this action seeking penalties, restitution, reasonable attorneys' fees, and costs.

3.  The monetary damages and restitution sought by Plaintiffs will be established according to proof at trial. Upon information and belief, the claims of individual Represented Employees, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a Represented Employee who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. Upon information and belief, the total damages for the Represented Employees are not anticipated to exceed $5,000,000. Further, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code. Finally, the claims are brought only on behalf of California workers.

4.    Please take notice that removal of this action to federal court under CAFA on the alleged basis the amount in controversy exceeds $5 million will be in bad faith and, as such, may subject the moving party or their counsel to monetary sanctions/attorneys' fees

## JURISDICTION AND VENUE

5.    Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, State of California.

6.    Pursuant to §§ 395 and 395.5 of the California Code of Civil Procedure,

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 359-5455

- 1 -

1   venue is proper in the Superior Court of California for the County of San Bernardino,

2   State of California, because this is where the wrongful misconduct alleged herein

3   originated and it is where Defendant designates on its records filed with the Secretary

4   of State it maintains its offices in California.

5                                    **THE PARTIES**

6       7.    Plaintiff SALVADO VELEZ is an individual that resides in California.

7       8.    Defendant COWORX STAFFING SERVICES LLC ("COWORX") is a

8   Delaware limited liability company doing business in the County of San Bernardino,

9   California.

10      9.    Defendant MICHAEL EPSTEIN is an individual, CEO and Manager of

11  COWORX. As such, he is believed to be an "other person acting on behalf of an

12  employer" within the meaning of Labor Code § 558.1.

13      10.   The true names and capacities, whether individual, corporate, associate,

14  or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

15  Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious

16  names pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will

17  seek leave to amend this Complaint to allege the true names and capacities of DOES

18  1 through 50 when the correct identities are ascertained. Plaintiffs are informed and

19  believe, and based thereon allege, that each of the DOE Defendants is in some manner

20  liable to Plaintiffs for the events and actions alleged herein. All named Defendants

21  and DOES 1 through 50 are collectively referred to as "Defendants."

22      11.    Plaintiffs are informed and believe, and based thereon allege, that at all

23  times relevant herein, each Defendant was acting as an agent, joint venture, or as an

24  integrated enterprise and/or alter ego for each of the other Defendants, and each was a

25  co-conspirator with respect to the acts and the wrongful conduct alleged herein, so

26  that each is responsible for the acts of the other in connection with the conspiracy and

27  in proximate connection with the other Defendants.

28      12.    Plaintiffs are informed and believe, and based thereon allege, that each

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 2 -

1  Defendant was acting partly within and partly without the scope and course of their

2  employment, and was acting with the knowledge, permission, consent, and

3  ratification of every other Defendant.

4      13.    Plaintiffs are informed and believe, and based thereon allege, that each

5  of the Defendants was an agent, managing general partner, managing member, owner,

6  co-owner, partner, employee, and/or representative of each of the Defendants, and

7  was at all times material hereto, acting within the purpose and scope of such agency,

8  employment, contract and/or representation, and that each of them are jointly and

9  severally liable to Plaintiff and the proposed class for the acts alleged herein.

10     14.    Plaintiffs are informed and believe, and based thereon allege, that each

11  of the Defendants are liable to Plaintiff under legal theories and doctrines including

12  but not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4)

13  alter ego, based in part, on the facts set forth below.

14     15.    Plaintiffs are informed and believe, and based thereon allege, that each

15  of the named Defendants are part of an integrated enterprise and have acted or

16  currently act as the employer and/or joint employer of Plaintiff and Class Members,

17  making each of them liable for the wage and hour violations alleged herein.

18                    **GENERAL ALLEGATIONS**

19     16.  Defendant COWORX is in the business of providing temporary labor to

20  customers in California and throughout the U.S.

21     17.  During all times relevant, Defendant COWORX was a "Temporary

22  services employer" within the meaning of Labor Code § 201.3.

23     18.  As proof that Defendant COWORX was a "Temporary services employer"

24  within the meaning of Labor Code § 201.3, on October 25, 2017, Defendant

25  COWORX sent Plaintiff, via his counsel, a letter admitting, "Please be advised that

26  Salvador Velez was a temporary employee of CoWorx Staffing Services."

27     19.  As further proof that Defendant COWORX was a "Temporary services

28  employer" within the meaning of Labor Code § 201.3, on or about November 27,

Thomas D. Rutledge
Attorney-at-Law
3110 West Fallen Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

1   2013, Defendant COWORX required Plaintiff to complete an online payroll

2   application acknowledging, "I understand that I am applying to be a temporary, at-

3   will employee of CoWorx Staffing Services to be placed on assignment through a

4   CoWorx client(s)."

5        20.   As further proof that Defendant COWORX was a "Temporary services

6   employer" within the meaning of Labor Code § 201.3, Defendant COWORX issued

7   its employees an employee handbook titled, "Temporary Employee Handbook."

8        21.   The foregoing handbook provides, in part, "CoWorx Staffing Services

9   ("CoWorx") brings 35 years of experience in meeting your temporary employment

10  needs," it has a section labeled, "TEMPORARY EMPLOYEE FREQUENTLY

11  ASKED QUESTIONS," which answers questions, such as "What is the value in

12  becoming a temporary employee?" or "Does CoWorx only staff temporary

13  positions?" or "What types of positions does CoWorx typically staff for?" or "How

14  much do your temporary positions pay?" or "I Interviewed at another CoWorx office,

15  do I need to apply with each office?"

16       22.   In describing the length of employment, Defendant COWORX, via its

17  handbook, informs its workers, "Assignments vary in length, from 4 hours to 40 hours

18  per week and may even earn overtime. If you are offered a position, you will be

19  informed then of the hours required. In some cases, the hours may change during an

20  assignment, but it will then be up to you to decide if you'd like to continue with that

21  particular assignment."

22       23.   Defendant COWORX employed Plaintiff VELEZ from about November

23  30, 2013 to March 12, 2016, to work as a temporary employee paying him hourly,

24  characterizing him as nonexempt.

25       24.   Defendant COWORX assigned Plaintiff VELEZ to work for one of its

26  customers at the local malls and

27       25.   retail establishments in the local area where Plaintiff resided to sell and/or

28  market cosmetic and fragrance products.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 4 -

1    26. Plaintiff and putative Class Members' employment was not intermittent.

2    27. Each time Plaintiff and putative Class Members' were interested in

3    working on a new assignment with one of Defendant COWORX's customers,

4    particularly when there was a gap between their last assignment with Defendant

5    COWORX, Defendant COWORX normally considered them a new hire and required

6    them to complete new employment applications and start the interview process all

7    over again.

8    28. During Plaintiff's interview and employment application process,

9    Defendant COWORX's hiring personnel informed Plaintiff that his assignment was

10   temporary with no established end date and that Plaintiff's employment would

11   terminate once its customer no longer needed him or if he quit.

12   **Illegal Pay Practices**

13   29. Labor Code § 201.3 subdivision (b) requires temporary services employers

14   to pay its temporary employees "weekly, regardless of when the assignment ends, and

15   wages for work performed during any calendar week shall be due and payable not

16   later than the regular payday of the following calendar week."

17   30. Similarly, Labor Code § 203 imposes penalties on employers that fail to

18   pay its employees on the day of their involuntary discharge pursuant to Labor Code §

19   201 or within 72 hours of when they voluntarily terminate their employment pursuant

20   to Labor Code § 202.

21   31. During all times relevant, and pursuant to company policy and/or practice

22   and/or direction, Defendants had a policy to flout the legal requirements of Labor

23   Code §§ 201, 202, and/or 201.3.

24   32. During the relevant period, for example, Plaintiff worked from February 7,

25   2016 to February 13, 2016, but Defendants did not pay Plaintiff until February 26,

26   2016 when Defendants should have paid him on or before February 19, 2016.

27   33. Similarly, Plaintiff worked from February 28, 2016 to March 5, 2016, but

28   Defendants did not pay Plaintiff for this workweek until March 23, 2016 when

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

5

1    Defendants should have paid him on or before March 11, 2016.

2        34.  Likewise, Plaintiff worked from March 6, 2016 to March 12, 2016, but

3    Defendants did not pay Plaintiff for this workweek until March 30, 2016 when

4    Defendants should have paid him on or before March 18, 2016.

5        35.  Based on the foregoing, Defendants failed to comply with Labor Code §

6    201.3 because Defendants did not pay Plaintiff weekly.

7        36.  Plaintiff's last day of work was on or about March 12, 2016, during which

8    time he was informed he would no longer be getting any more work from the

9    customer for whom he was performing services, he would no longer be getting any

10   more work from Defendant COWORX, and that he was effectively discharged.

11       37.  Defendant COWORX, however, did not pay Plaintiff and, upon

12   information and belief, many other putative Class Members, on the day of termination

13   but instead paid Plaintiff, and presumably many other, final wages many days later in

14   violation of Labor Code §§ 201 or 202.

15       38.  Defendants never paid Plaintiff VELEZ and, upon information and belief,

16   many other putative Class Members, penalties for any of the foregoing violations of

17   the Labor Code.

18                    **CLASS ACTION ALLEGATIONS**

19       39.  Plaintiffs bring this action on behalf of himself and all others similarly

20   situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

21       40.  Plaintiffs seek to represent a class composed of and defined as follows:

22           **All California-based employees who at any time from**

23           **January 26, 2015 to the present who worked for**

24           **Defendants.**

25       41.  Plaintiffs reserve the right under the California Rules of Court, to amend

26   or modify the Class description with greater specificity or divide into subclasses or to

27   limit the issues.

28       42.  This action is brought and may properly be maintained as a Class Action

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 235-5453

under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class Members are easily ascertainable.

### A.  Numerosity

43.  The potential members of the Class as defined are so numerous or many that joinder of all the members of the Class is impracticable.

44.  While the precise number of Class Members has not been determined at the time, Defendants currently employ, and during the relevant time periods employed, over 100 Class Members.

45.  Accounting for employee turnover during the relevant periods necessarily increases the number substantially.

### B.  Commonality

46.  There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members.

47.  Common questions of law and fact include, without limitation and subject to possible further amendment, the following:

a.  Whether Defendants' policy or practice of not paying hourly employees all their wages due in their final paychecks immediately upon involuntary termination or when 72 hours' notice was provided before voluntary resignation is unlawful under Labor Code §§ 201, 202 and/or 203;

b.  Whether Defendants' policy or practice of not paying hourly employees all their wages weekly is unlawful under Labor Code §§ 201.3; and

c.  Whether Plaintiff and the members of the Class are entitled to remedies pursuant to Business & Professions Code §§ 17200, *et seq.*

### C. Typicality

Thomas B. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

48.  Plaintiffs' claims are typical of the claims of the Class because the named Plaintiff and all members of the proposed Plaintiff Class and subclasses sustained similar injuries and damages arising out of and caused by Defendants' common course of conduct and policies in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**D. Adequacy of Representation**

49.  Plaintiff does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

50.  Counsel representing Plaintiff and the putative Class are competent and experienced in litigating employment class actions, including wage and overtime class actions.

51.  Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

**E. Superiority of Class Action and Manageability**

52.  A class action is superior to other available means for the fair and efficient adjudication of the controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

53.  Each Class Member was damaged or suffered injury and may recover monetary relief because of Defendants' illegal policies and/or practices.

54.  Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

55.  Plaintiff is unaware of any difficulties likely to surface in the management of this action that would preclude maintenance as a Class Action.

56.  At the appropriate time, Plaintiffs will present a trial methodology and plan that will streamline the action, base liability and damages on common evidence and common modes of proof through Defendants' corporate records, testimony of

Thomas B. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

1   corporate common policy and practices, representative evidence, sampled and

2   presented in a manner consistent with recognized scientific and statistical principles.

3       57.   Such methodology may include bifurcation of liability and damages, the

4   use of professionally administered survey evidence, seeking adjudication of class-

5   wide legal issues of particular claims or preliminary factual issues and other methods

6   and proposals to manage class-wide determinations common to all persons in the

7   proposed Plaintiff Class.

8       58.   For the reasons alleged in this Complaint, this action should be certified as

9   a Class Action.

10   **<u>FIRST CAUSE OF ACTION</u>**

11   **Individual and Representative Claim for**

12   **Penalties via Labor Code § 203 for**

13   **Failure to Pay Timely Earned Wages**

14   **Upon Separation of Employment in Violation of**

15   **California Labor Code §§ 201 and 202**

16   (Against all Defendants)

17       59.   Plaintiffs re-allege and incorporate by reference the foregoing allegations

18   as though set forth herein.

19       60.   Pursuant to Labor Code § 201, "If an employer discharges an employee,

20   the wages earned and unpaid at the time of discharge are due and payable

21   immediately."

22       61.   Pursuant to Labor Code § 202, "If an employee not having a written

23   contract for a definite period quits his or her employment, his or her wages shall

24   become due and payable not later than 72 hours thereafter, unless the employee has

25   given 72 hours previous notice of his or her intention to quit, in which case the

26   employee is entitled to his or her wages at the time of quitting."

27       62.   Labor Code § 203 provides, in pertinent part: "If an employer willfully

28   fails to pay, without abatement or reduction, ... any wages of an employee who is

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 9 -

1  discharged or who quits, the wages of the employee shall continue as a penalty from

2  the due date thereof at the same rate until paid or until an action therefore is

3  commenced; but the wages shall not continue for more than 30 days. ..."

4      63.  Plaintiff and the Class were not properly paid pursuant to the requirements

5  of Labor Code §§ 201 and 202 and thereby seek all remedies available to them.

6      64.  Plaintiffs are informed and believe and based thereon allege that

7  Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of

8  Labor Code §§ 201 and 202 after Plaintiffs' demand, and therefore Plaintiff and the

9  Class are entitled the associated unpaid wages and waiting time penalties.

10     65.  Plaintiffs are informed and believe and based thereon allege that

11  Defendants committed the foregoing misconduct with the intent to secure for himself,

12  herself, and/or itself a discount on its indebtedness and/or with intent to annoy harass,

13  oppress, hinder, delay and/or defraud Plaintiffs.

14     66.  In committing the violations of state law as herein alleged, Defendants

15  have knowingly and willfully refused to perform their obligations to compensate

16  Represented Employees for all wages earned and all hours worked in a timely

17  manner.

18     67.  As a direct result, Represented Employees have suffered and continue to

19  suffer, substantial losses related to the use and enjoyment of such compensation,

20  wages, lost interest on such monies and expenses and attorney's fees in seeking to

21  compel Defendants to full perform their obligation under state law, all to their

22  respective damage in amounts according to proof at trial and within the jurisdictional

23  limitations of this Court.

24     68.  By this action, Plaintiff and Class Members request waiting time penalties,

25  interest, attorneys' fees, costs, damages, and other remedies in an amount to be

26  proven at trial.

27

28

## SECOND CAUSE OF ACTION

**Individual and Representative Claim for**

**Failure to Pay Timely Earned Wages during Employment and**

**Upon Separation of Employment in Violation of**

**California Labor Code §§ 201.3**

(Against all Defendants)

69.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

70.   Pursuant to Labor Code Labor Code § 201.3, a "Temporary services employer" must pay its employees weekly "due and payable not later than the regular payday of the following calendar week." (Labor Code § 201.3(b)(1)(A).)

71.   Plaintiffs allege Defendant COWORX was a "Temporary services employer" within the meaning of Labor Code § 201.3(a).

72.   Based on the misconduct alleged in this Complaint, Plaintiffs allege Defendant COWORX violated Labor Code § 201.3 by failing to timely pay Plaintiffs and the putative Class wages.

73.   Plaintiffs allege Plaintiffs and the Class were not properly paid pursuant to the requirements of Labor Code § 201.3 and thereby, by this action, seek all remedies available to them.

## THIRD CAUSE OF ACTION

**Violations of California Business and Professions Code § 17200, *et seq.***

(Against All Defendants)

74.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

75.   Defendants, and DOE Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17021.

76.   Plaintiff alleges that Defendants committed the unfair business practices,

Thomas B. Rutledge
Attorney-at-Law
30 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

1  as defined by Cal. Bus. & Prof. Code § 17200, *et seq.*, by violating the laws alleged to

2  have been violated in this Complaint and which allegations are incorporated herein by

3  reference and which allegations include, but are not limited to:

4        a.  Failing to pay Class Members wages in a timely manner at

5            separation of their employment; and

6        b.  Failing to pay Class Members wages weekly as required

7            under Labor Code § 201.3.

8        77.    Defendants' conduct, as alleged above, constitutes unlawful, unfair, and

9  fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

10       78.    Plaintiffs have suffered injuries in fact, lost money, or property because

11  of the aforementioned unfair competition and, as such, seeks restitution, penalties,

12  and any other remedies permitted by law from the Defendants.

13       79.    Based on the foregoing improper acts, Defendants, and each of them,

14  have reaped and continue to reap unfair benefits and illegal profits at the expense of

15  Plaintiff and other employees and former employees of Defendants, and each of

16  them.

17       80.    Defendants, and each of them, should be made to disgorge these

18  ill-gotten gains and restore to Plaintiff and the Class the wrongfully withheld penalties

19  to which they may recover pursuant to Business and Professions Code §§ 17202

20  and/or 17203.

21       81.    Plaintiff and the Class have also incurred and continue to incur attorneys'

22  fees and legal expenses in an amount according to proof at the time of trial and for

23  which they seek compensation pursuant to law including but not limited to Code of

24  Civil Procedure § 1021.5.

25                        **PRAYER FOR RELIEF**

26  WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

27       1.    That the Court issue an Order that this action may be maintained as a class

28            action and certify the Class and subclasses herein, appointing the named

Thomas D. Rutledge
Attorney at Law
500 West Harbor Drive, Suite 1114
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 230-5455

Plaintiff as representative of all others similarly situated, and appointing the law firm representing the named Plaintiff as counsel for the members of the Class and Subclasses;

2. For pre-judgment interest as allowed by law;

3. For damages in an amount according to proof;

4. For all remedies available to Plaintiffs under the applicable Industrial Welfare Commission Order and Labor provisions alleged in this Complaint including an award of unpaid expenses, attorneys' fees, costs, interest, liquidated damages, damages, and penalties according to proof to the extent permitted by law;

5. For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount Defendants should pay to members of the Class and Plaintiff;

6. For an Order requiring Defendants to make full restitution and payment to the Class due to Defendants' unfair competition pursuant to California Business and Professions Code §§ 17203 and 17204 or any other proper form of declaratory or equitable relief to the full extent permitted by the UCL;

7. For the creation of an administrative process or constructive trust wherein each injured member of the Class and Subclasses may submit a claim in order to receive his/her money; and

8. For such other and further relief that the Court deems just.

LAW OFFICES OF THOMAS D. RUTLEDGE

Dated: January 25, 2018

By: _Thomas D. Rutledge_____
/s/Thomas D. Rutledge, Esq.
Attorneys for Plaintiffs

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury to the extent authorized by law.

LAW OFFICES OF THOMAS D. RUTLEDGE

Dated:  January 25, 2018

By:  _Thomas D. Rutledge_____
/s/Thomas D. Rutledge, Esq.
Attorneys for Plaintiffs

Thomas D.Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 14 -